In the Matter of HARRY F. DUNKEL, Respondent, against HENRY ROGERS, County Treasurer of Hamilton County, et al., Appellants.

Third Department, November 14, 1951.

*Charles S. Tracy* for appellants.

*Isaac Zaleon* for respondent.

*Per Curiam.* On January 5, 1950, petitioner was appointed County Attorney for the County of Hamilton by the Board of Supervisors of that county. The appointment was made pursuant to the provisions of section 210 of the County Law [of 1909] as it then existed which reads as follows: " The board of supervisors in any county may appoint a county attorney to act during the term of office for which the then members of such board were elected, provided, however, that such attorney shall continue in office thereafter until his successor has been appointed, or, until he has been notified, by the succeeding board, that his employment is discontinued. His salary shall be fixed by the board of supervisors and be a county charge. A county attorney may be removed by the appointing board for inefficiency, neglect of duty or misconduct in office, but only after notice and an opportunity to be heard. The board of supervisors may, by local law, prescribe the duties of the county attorney, which duties may include the services to town boards and town officials when not in conflict with the interests of the county. "

The supervisors of Hamilton County were all elected at the general election held in November, 1949, to take office January 1, 1950, for a term of two years. The term of office of the County Attorney was therefore for a term of two years.

On October 5, 1950, the Board of Supervisors adopted a resolution purporting to abolish the office of County Attorney for Hamilton County which resolution provided that it should take effect immediately.

Thereafter and on January 4, 1951, the Board of Supervisors adopted a resolution appointing Charles S. Tracy as County Attorney for Hamilton County in accordance with section 500 of article 11 of the new County Law [of 1950] which became effective on January 1, 1951. That section makes mandatory the appointment of a County Attorney in each county by the Board of Supervisors for the term of office for which the then members of such board were elected.

It is the contention of petitioner that the Board of Supervisors had no authority to abolish the office of County Attorney. He instituted this proceeding to compel the Personnel Officer of the county to certify the salary due him from October 5, 1950, the date when the Board of Supervisors attempted to abolish the office, up to and including December 31, 1951, and to compel the County Treasurer of the county to pay such salary.

The appellants moved to dismiss that petition for insufficiency and their motion was denied and we think properly so. After a hearing the Trial Term directed appellants to certify and pay the salary of petitioner. From these orders appellants have come to this court.

The only question which we have to determine is whether or not the Board of Supervisors had authority to abolish the office of County Attorney.

Under the provisions of the County Law as it existed when petitioner was appointed it was optional with the Board of Supervisors whether or not a County Attorney should be appointed. The Legislature of the State created the office of County Attorney in Hamilton County and provided that the appointee should act " during the term of office for which the then members of such board were elected ". Nowhere in that statute is there any authorization for the board to abolish the office after its creation. In fact it is quite significant that this statute provided that the attorney " may be removed by the appointing board for inefficiency, neglect of duty or misconduct in office, but only after notice and an opportunity to be heard. " In the case before us the board made no attempt to remove petitioner for any of the reasons specified in the statute.

The Legislature, in the absence of constitutional limitation, may create and abolish offices, add to or lessen their duties, abridge or extend the term of office, and increase, diminish or regulate the compensation of officers at its pleasure.

It is the general rule where not qualified or restricted by positive law, that the power that creates an office may abolish it in its discretion. The two powers are essentially the same.

The appointment which the Board of Supervisors made in the case before us was for a fixed and definite term of two years as County Attorney. When accepted by petitioner it constituted a contract between him and the county and the latter in such case has no authority, unless expressly conferred or reserved, to abolish the office so as to deprive the officer, without his consent, of the right to compensation for the full period, unless removed for causes specified in the statute.

An office created by the Legislature is wholly within the power of that body and it may prescribe the mode of filling the office, and the powers and duties of the incumbent, and, if it sees fit, abolish the office.

The Legislature has delegated to the board the power to determine whether or not there should be a County Attorney. It has not, however, delegated to that body power to abolish the office. The power to create an office does not include the power to abolish it (*Matter of Benvenga* v. *La Guardia,* 268 App. Div. 566, affd. 294 N. Y. 526). The Legislature having failed to invest the board with such power, its exercise is clearly unwarranted and hence the resolution of the board attempting to abolish the office is of no force or effect.

The orders appealed from should be affirmed, with $50 costs and disbursements to respondent.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Orders appealed from affirmed, with $50 costs and disbursements to respondent.   [See *post,* p. 811.]