Joseph A. Suozzi, J.
In this proceeding pursuant to article 78 of the Civil Practice Act, the petitioner, by amended petition, prays for an order (a) directing the respondent Civil Service Commission (1) “ to rescind their withdrawal of the certification of the classification of Family Court Public Representative ’ ’ and (2) “ to rescind their disapproval of the payroll of the said petitioner ” and (b) directing the respondent Comptroller of the County of Nassau “ to restore and reinstate the name of your petitioner as such Family Court Public Representative on the payroll of the Family Court of the County of Nassau.”
The papers submitted reveal that on December 27, 1961 an ordinance was adopted by the Board of Supervisors of the County of Nassau providing for the creation of the office of “ Children’s Court Public Representative ”. The board stated therein that it was acting ‘1 Pursuant to the County (Government *873 Law of Nassau County and the Domestic Relations Law of the State of New York”. The duty of the Representative was expressly stated as follows: “ to prosecute, institute or maintain such proceedings with relation to children born out of wedlock, uniform support of dependents or such other proceedings as may by law be imposed upon such public officer. ’ ’
After approval of the ordinance by the County Executive, the petitioner was appointed to the newly created position on or about January 1, 1962, at the salary of $10,000 a year. On or about August 13, 1962, his salary was increased to $14,000 a year by ordinance of the Board of Supervisors over the veto of the County Executive. On October 18, 1962 the petitioner was advised by the County Executive that the ordinance appointing him was invalid.
The Civil Service Commission on November 5, 1962, withdrew its certification of petitioner as Family Court Public Representative (under Court Reorganization Act of 1962, employees oft Children’s Court became employees of Family Court on September 1, 1962), and on or about November 8, 1962 notified the Comptroller to remove the classification of petitioner as Family Court Public Representative from the payroll.
It is the contention of the petitioner that he was validly appointed to the position of Children’s Court Public Representative and therefore the acts of the respondents in withdrawing certification and removing from the payroll the name of the petitioner were illegal. According to the petitioner’s brief, reliance is placed on section 103 of the County Government Law of Nassau County (L. 1936, ch. 879), sections 535 and 411 of the Family Court Act and subdivision 7 of section 31 of the Domestic Relations Law.
Section 103 of the County Government Law provides inter alia: “ the board of supervisors shall have power to: 1. create, organize and abolish departments, bureaus, offices and employments not inconsistent with the terms of this act ”.
Section 411 of the Family Court Act provides for jurisdiction in the Family Court of support proceedings both under article 4 of the Family Court Act and article 3-A of the Domestic Relations Law, known as the Uniform Support of Dependents Law.
Section 535 of the Family Court Act provides: ‘ ‘ The county attorney, or an attorney designated by the board of supervisors, or the corporation counsel of a city, shall represent the public welfare official of the county, city or town in all proceedings under this article in which the official is the petitioner.”
*874 Subdivision 7 of section 31 of the Domestic Relations Law provides that in a proceeding pursuant to article 3-A of the Domestic Relations Law, a “ 1 Petitioner’s representative ’ shall mean and include a corporation counsel, county attorney, state’s attorney, commonwealth attorney and any other public officer, by whatever title his public office may be known, charged by law with the duty of instituting, maintaining or prosecuting a proceeding under this article ”.
As to the provisions of the Family Court Act on which the petitioner relies, it must be noted that the position was not created pursuant to that act, nor in fact was that act in existence in December, 1961 — the Family Court Act became effective on September 1,1962.
As the court reads the statutes upon which reliance is placed and considers those statutes in conjunction with other pertinent statutes, it can only conclude that the ordinance creating the position of Children’s Court Public Representative was invalid as beyond the powers conferred upon the Board of Supervisors by the Legislature of the State of New York.
First, with reference to section 103 of the County Government Law, that section authorizes the creation of offices ‘1 not inconsistent with the terms of this act” — the County Government Law. Under article XI, (§§ 1101 and 1102) of the County Government Law, it is provided that “ There shall be a county attorney ” and “ The county attorney shall represent the county and all departments, offices * * * in all litigation ”. Under section 1001 of the County Government Law, a Commissioner of Public Welfare is provided for. Proceedings to compel the support of children born out of wedlock are to be commenced by “a public welfare official” (Domestic Relations Law, § 137, prior to September 1, 1962; Family Court Act, § 535). If the Public Welfare Commissioner is an officer of the county, and the authority to represent him in all litigation is conferred upon the County Attorney by the Legislature, it follows that it is clearly inconsistent with the provisions of the County Government Law for the Board of Supervisors to adopt an ordinance conferring that power upon another person. (See, also, 16 Op. St. Comp., 1960, p. 178.)
Reference has been made to that part of section 137 of the Domestic Relations Law in which the duty to prosecute all cases relating to children born out of wedlock is placed on “ the county attorney, or the attorney designated by the board of supervisors ” (emphasis supplied). But section 137 was added and amended prior to 1950. It was not until the latter year that under the County Law it became mandatory for a county *875 generally to have a County Attorney (Matter of Dunkel v. Rogers, 279 App. Div. 44; County Law, § 500). Therefore, with respect to those counties where a County Attorney had not been appointed, an attorney could be designated by the Board of Supervisors for the particular purpose of prosecuting a proceeding under section 137. However, in Nassau County, with the provisions of the County G-overnment Law, or Charter (L. 1935, ch. 938, adopted in 1936, eff. Jan. 1, 1938) requiring the appointment of a County Attorney and providing for his representation of officials in all litigation, it must be concluded under the principles of statutory construction that insofar as there may be any conflict or inconsistency between the laws generally applicable throughout the State and those specifically provided for in Nassau County, the provisions of the County G-overnment Law control (see County Law, § 2, subd. [b]).
With respect to article 3-A of the Domestic Relations Law — ■ Uniform Support of Dependents Law — which was added by chapter 146 of the Laws of 1958 there does not appear to be any right to designate or appoint (as the Board of Supervisors attempted) an employee of the Children’s Court to institute or to maintain a proceeding thereunder, but the County Attorney is so authorized. Article 3-A was derived from chapter 807 of the Laws of 1949, as amended. The State Comptroller held (9 Op. St. Comp., 1953, p. 113) that if there be a County Attorney, he must act as the petitioner’s representative in a proceeding instituted under chapter 807 of the Laws of 1949, as amended.
Accordingly, as it is held that it was beyond the powers of the Board of Supervisors to create the position to which the petitioner was appointed, the instant application is denied.