COUNTY LAW, §§ 150, 400 and 500; TOWN LAW, §§ 20, 24 and 64
County Attorney appointed by Board of Supervisors is appointed to a fixed term of two years. The Board has no authority to remove County Attorney, absent a hearing on charges, notwithstanding a change in the political composition of the Board due to filling of vacancies.
Hon. James C. Tomasi Town Attorney, Salem
This is in response to your letter wherein you ask whether the newly organized Board of Supervisors of the County of Washington will have the authority to appoint a new County Attorney for the County of Washington. You explain that in the general election of November, 1978, a new Supervisor was elected to fill the unexpired term of a Supervisor who had died in the first year of his term. You further explain that the new Supervisor is of a different political party than that of his predecessor and the election of the new Supervisor under the weighted voting plan of the County shifts the balance of power to the party of the successor. The present County Attorney was appointed in January, 1978.
Your problem appears to stem from your uncertainty as to the effect the recent election and subsequent change of the Board's political composition will have on the term of office of the original Board. Clarification of this point will lead to the answer to your original question.
County Law, § 150 provides as follows:
 "The supervisors of the several cities and towns in each county, when lawfully convened, shall constitute the board of supervisors of the county."
It should be noted that since there are no cities in Washington County, the entire Board of Supervisors is composed of Town Supervisors. The Town Law provides that Town Supervisors are elected officers (section 20) and that their term of office is for a period of two years (section 24). If a vacancy occurs in the office (as in the instant case) and a successor is elected, that person holds office during the residue of the term in which the vacancy occurred (see Town Law, § 64; Public Officers Law, §42; and, 1976 Atty Gen [Inf Opns] 158). The newly elected Supervisor, therefore, will be serving the unexpired term of office of his predecessor. This term, along with the term for the remaining members of the Board of Supervisors, will expire on December 31, 1979. This is a fixed term and nothing has happened to change its statutory period.
The County Attorney was appointed pursuant to County Law, § 500, which provides, in part:
 "1. The board of supervisors of each county shall appoint a resident attorney-at-law as county attorney for the term of office for which the then members of such board were elected. * * *" (Emphasis supplied.) This appointment was for a fixed and definite term of two years. When accepted by the County Attorney, it constituted a contract between him and the County (see Matter of Dunkel v Rogers, 279 App. Div. 44
[3d Dept, 1951]). He may not, therefore, be removed by the Board unless written charges are filed and a hearing conducted in accordance with County Law, § 400.
By reason of the foregoing, it is our opinion that the newly organized Board of Supervisors does not have the authority to appoint a new County Attorney in January, 1979.